### JOHNSTON v. SHAFFER.

No. 8686—Opinion Filed Dec. 10, 1918.

(176 Pac. 901.)

**1. Oil and Gas—Lease—Variance Between Writing and Printing.**

Where the written portion of an oil and gas lease is at variance with the printed part, the former should control and govern in the construction thereof as best indicative of the intent of the parties.

**2. Same.**

In construing an oil and gas lease, where this condition exists, it is proper to look at

the purposes and objects to be gained by its execution in order to ascertain the intent of the parties as expressed in the lease.

(Syllabus by Hooker, C.)

Error from District Court, Oklahoma County: W. C. Crow, Assigned Judge.

Suit by Nettie Johnston, administratrix of the estate of Nathaniel Johnston, against J. K. D. Shaffer. Demurrer to plaintiff's evidence sustained, and judgment for defendant, and plaintiff brings error. Reversed, and remanded for new trial.

W. O. Johnson and Asp, Snyder, Owen & Lybrand, for plaintiff in error.

Ames, Chambers, Lowe & Richardson, for defendant in error.

Opinion by HOOKER, C. This suit was instituted by Nettie Johnston, as the administratrix of the estate of her husband, against J. K. D. Shaffer, to recover damages alleged to have been caused to her husband in his lifetime and to his estate after his death in the following manner: That on January 30, 1912, the said Johnston, deceased, executed to one Slick an oil and gas lease on certain real estate, which lease, among other things, contained the following clauses:

(1) The lessee agrees to commence a well on said premises within twelve months from the date thereof or thereafter pay first party a yearly rental of $82. (This was a printed clause in said lease.)

(2) Below the above-printed clause in writing appeared this provision: "The second party agrees to commence operation on this land within one year otherwise this lease shall be null and void."

(3) This lease also contained a surrender clause, and it appears that the language of the surrender clause in the lease here is identical with that used in Brown v. Wilson, 58 Okla. 392, 160 Pac. 94, L. R. A. 1917B, 1184.

The lease was executed originally for five years and as long thereafter as oil or gas was found in paying quantities, with the aforesaid conditions and provisions therein.

That Slick assigned said lease to Shaffer, and the said Shaffer recorded the lease, save that part shown at (2), and that no drilling was begun in a year, and that a few days before the year expired Shaffer tendered to the deceased, Johnston, the stipulated rental, and applied to him for an extension of time within which to begin operations. That Johnston contended that the lease as made by him contained a provision which rendered the lease void if operations were not commenced in one year from date, but that Shaffer assured him there was no such provision in said lease, and thereupon produced a purported copy which failed to show said provision, and then Johnston executed the extension, accepted the money. That Johnston shortly thereafter died, and when the second year of said lease had about expired, the said Shaffer again with the same representations applied to this administratrix for an extension, and procured the same in the same way, all of which it is alleged was done fraudulently, and with the intent to cheat and defraud, and it is claimed that said defendant did defraud and damage the said Johnston and his estate by procuring said extensions by falsely and deceitfully asserting that said lease did not contain a provision making the same void if no operations were commenced in a year, and that the decedent and herself, relying upon said statement to be true, had accepted a nominal rental and granted the extensions, when as a matter of fact, the lease on said property could have been sold for many thousands of dollars.

Plaintiff in error asserts that this constitutes actionable fraud, and that the court should have so held upon the demurrer to her evidence, as the written clause in said lease making the same void if operation was not commenced within one year was controlling and took precedence over the printed part, which gave to the lessee the right to pay if operations were not commenced within said time; while the defendant in error asserts that the lease should be construed in all its parts and the privilege to pay rentals be incorporated as a part of the clause forfeiting the lease if operations were not commenced within said time. We do not think so. Contracts should be construed so as to express the intent of the parties, and it is clear that when the lease was executed it was agreed and understood that this lease was to be null and void if operations were not commenced in a year. Such is the more natural, probable, and reasonable interpretation, and should be adopted. Barnsdall Oil Co. v. Leahy, 195 Fed. 731, 115 C. C. A. 521.

The written portion, being at variance with the printed matter, should control and govern in the construction as best indicative of the intent of the parties. And then again the situation of the parties at the time of the execution of this contract, the purposes of its execution, and the objects to be gained should be considered in ascertaining the intent of the parties. Fox v. Tyler, 109 Fed. 258, 48 C. C. A. 356.

The inference to be drawn from this evidence would justify the conclusion that defendant in error had knowledge of the clause having been omitted from the copy of the lease furnished Johnston.

The trial court should not have sustained a demurrer to this evidence, and the judgment of the lower court is reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.